United States District Court
Middle District of Florida
Jacksonville Division

**KENNETH E. BENTON,**

  *Plaintiff,*

v.             **NO. 3:23-CV-987-MMH-PDB**

**STEVEN M. FAHLGREN**

  *Defendant.*

## Report and Recommendation

  Proceeding without a lawyer and in forma pauperis under 28 U.S.C. § 1915, Kenneth Benton sues Florida Circuit Court Judge Steven Fahlgren for injunctive relief and damages.* Doc. 1. The undersigned recommends dismissal.

---

  *Since December, Benton has filed seven cases in this Court, including this case. Five of the cases are against Judge Fahlgren. *See* 3:22-cv-1401-HLA-PDB (action against bank and others; dismissed for failure to serve process), 3:23-cv-779-BJD-LLL (pending action against Judge Fahlgren), 3:23-cv-787-BJD-JBT (pending action against Judge Fahlgren), 3:23-cv-788-BJD-LLL (pending action against Judge Fahlgren), 3:23-cv-919-BJD-JBT (pending action against Judge Fahlgren), 3:23-cv-1008-TJC-MCR (pending action against a construction company and a realty company).

## Complaint

Benton alleges Judge Fahlgren "purposely and maliciously spoke on record in dispute regarding a federal case in which he is also defendant[.] Spoke on open federal case in front of opposing counsel whom were present and also are defendants in other cases I've filed. I objected and advised judge he was violating code of conduct[.] [H]e say he disagree and continued to violate and show impropriety." Doc. 1 at 4.

Benton alleges, "Canon law states a judge will not openly speak on cases while in proceedings that may affect the outcome[.] I warned Judge of his encroachment[.] [H]e ignored and spoke openly about his disgust with me suing him in fed court and even read aloud my complaints against him in front of opposing attorney in future case. This judge is gone [rogue] has no respect for codes of conduct or ethics." Doc. 1 at 4.

Benton alleges Judge Fahlgren's conduct has resulted in "exacerbation of already severe depression and anxiety accompanied by severe mood swings unannounced. Doc. 1 at 5. Benton alleges, "I have to schedule an emergency psychological treatment with my doctors[.] [T]he stress I [bear] from this defendant's power is overwhelming and destroying my daily ability to thrive. The intimidation to arrest me today and the antagonization by a sitting judge makes me so depressed I sometimes want to give up my life, but I stay strong." Doc. 1 at 5.

Benton demands an injunction "for legal protection from the damage [Judge Fahlgren] can do to [him] with the stroke of a pen," $25,000 "as [a] fine for judicial misconduct," and an order directing Judge Fahlgren to pay for his

"psychological treatment and counseling" and to write "[a] letter admitting wrongdoing and apology, signed [and] dated." Doc. 1 at 5.

With the complaint, Benton includes six exhibits. The first exhibit is a letter from Mayo Clinic describing prescriptions for Prozac and Wellbutrin following a "traumatic work injury." Doc. 1-1 at 1. Handwritten on the letter are these statements: "[E]ach time I have had the misfortune of being threatened with arrest and intimidation, Judge insist[s] on ridiculing me for my mental and or medical condition. This is proof of such condition." Doc. 1-1 at 1. The second exhibit is a Jacksonville Sheriff's Office incident report describing an incident with a maintenance worker at Benton's home. Doc. 1-1 at 2–5. The third, fourth, and fifth exhibits are letters by Benton, his fiancée, and their daughter describing the incident. Doc. 1-1 at 7–9. The sixth exhibit is a state-court document scheduling a domestic-violence hearing in front of Judge Fahlgren (Benton evidently requested an injunction against the worker). Doc. 1-1 at 10.

## Liberal Construction Standard

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction means a federal court sometimes must "look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations" to determine whether a cognizable remedy is available. *Torres v. Mia.-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018). Liberal construction does not mean rewriting a deficient pleading or otherwise serving as de facto

counsel. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which requires "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoted authority and internal quotation marks omitted). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility differs from probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## § 1915 Dismissal Standard

A court "shall" dismiss an action by a plaintiff proceeding in forma pauperis if at any time the court determines the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A court should freely allow a plaintiff to amend the complaint if justice so requires. Fed. R. Civ. P. 15(a)(2).

## 42 U.S.C. § 1983 and Judicial Immunity

Section 1983 provides a cause of action against any person who, acting under the color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. But "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *Id.*

A state judge in his individual capacity is absolutely immune from § 1983 liability for damages for an act taken in his judicial role if he did not act in the clear absence of all jurisdiction. *Pierson v. Ray,* 386 U.S. 547, 553–55 (1967). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The immunity applies even if the judge's acts are erroneous, malicious, or in excess of his jurisdiction. *Id.* at 356–57. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Id.* at 356.

## Analysis

Liberally construing the complaint, the only claim over which this Court has jurisdiction that Benton appears to bring is a claim under § 1983 for an alleged violation of his right to due process under the Fourteenth Amendment to the United States Constitution.

Concerning injunctive relief, Benton fails to state a § 1983 claim on which relief may be granted. Under the terms of § 1983, Benton cannot obtain

injunctive relief against Judge Fahlgren for an act or omission taken in Judge Fahlgren's judicial capacity. Benton alleges neither the violation of a declaratory decree nor the unavailability of declaratory relief.

Concerning monetary damages, Judge Fahlgren has immunity, including from damages to pay for Benton's treatment and counseling. Benton alleges actions by Judge Fahlgren taken in Judge Fahlgren's judicial role and not in the clear absence of all jurisdiction.

Concerning the remaining form of relief demanded, the undersigned is unaware of authority permitting a federal court to order a state judge to write and issue an apology letter to a state litigant for an alleged state ethics violation.

Leave to amend, ordinarily freely given, is unwarranted here because the allegations and other attempts to sue Judge Fahlgren in federal court (see the footnote above) show amendment would be futile.

## Recommendation

The undersigned **recommends** dismissing the case, terminating any motion then-pending, and directing the clerk to close the file.

## Deadlines for Objections

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the

6

United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 7, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:    Kenneth E. Benton
      3960 Old Sunbeam Road, #1704
      Jacksonville, FL 32257

7